IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 17-cv-02865-RM
(Criminal Action No. 15-cr-00054-RM-1)

UNITED STATES OF AMERICA,

v.

PHINEHAS LEE MCNEAL,

    Defendant/Movant.

---

**ORDER DENYING AMENDED 28 U.S.C. § 2255 MOTION**

---

The matter before the Court is the Amended Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("amended § 2255 motion"), filed *pro se* by Phinehas Lee McNeal, on January 26, 2018. (ECF No. 405). Mr. McNeal filed his original Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("original §2255 motion"), on November 29, 2017. (ECF No. 398). On November 30, 2017, the Court reviewed the original § 2255 motion and concluded that the motion did not comply with the Rules Governing Section 2255 Proceedings for the United States District Courts because Defendant failed to allege specific facts in support of his claims that demonstrated his rights had been violated. Therefore, the Court ordered Mr. McNeal to file an amended 28 U.S.C. § 2255 Motion within thirty days. (ECF No. 399).

On January 26, 2018, Mr. McNeal filed an amended § 2255 Motion (ECF No. 405). He challenges his convictions and sentence on numerous grounds, including, but not limited to, ineffective assistance of counsel. On February 14, 2018, the Court ordered Mr. McNeal to file a

1

second amended § 2255 motion within thirty days. (ECF No. 407). Instead, on February 26, 2018, Mr. McNeal filed a Motion to Reduce Sentence, (ECF No. 408), which was denied by the Court on February 27, 2018, (ECF No. 409). Mr. McNeal has failed to file a second amended § 2255 motion as directed within the time allowed. Therefore, his amended § 2255 motion (ECF No. 405) is the operative pleading. For the reasons stated below, which were also detailed in the Court's February 14, 2018 Order, Mr. McNeal's amended § 2255 motion will be denied.

The Court must construe the amended motion liberally because Mr. McNeal is not represented by an attorney. *See Haines v. Kerner* , 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *Hall*, 935 F.2d at 1110.

In his amended §2255 motion, Mr. McNeal asserts the following claims:

(1) Ineffective counsel & inadequate representation;
(2) Right of allocution;
(3) (Withdrawn);
(4) Excessive sentence for crime;
(5) "Lack of Emotional Support from My Biological Father;"
(6) Mental emotional health issues/ Diminished capacity;
(7) The right to self-representation was violated

(ECF No. 405).

The amended § 2255 motion, similar to his original § 2255 motion, does not comply with the Rules Governing Section 2255 Proceedings for the United States District Courts because Defendant fails to allege specific facts in support of his claims that demonstrate his rights have been violated. Pursuant to Rule 2(b)(2), the Defendant must "state the facts supporting each ground." Instead of alleging specific facts in his amended motion, Mr. McNeal simply states, "see . . . supporting facts" for each of his claims. (ECF No. 405 at 4). The documents attached to his amended § 2255 motion are titled "supporting facts," and they include a short letter (for

claim one), select pages from the trial transcripts (with highlighted sections for claim one), select pages from his opening appellate brief to the Tenth Circuit (for claims two and seven), select pages from the sentencing hearing transcript (with highlighted sections for claims four and six), select pages from his PSI (for claims four and six), and a narrative regarding his biological father (for claim five). The "supporting facts" in these attachments do not adequately allege specific facts in support of his claims that demonstrate his rights have been violated. The habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005) (discussing identical rules applicable to 28 U.S.C. § 2254 applications).

As to his claim of ineffective assistance of counsel, Mr. McNeal attaches a short letter and select pages from the trial transcript with highlighted sections. In the Letter, Mr. McNeal states:

> Attorney Scott Reisch was not prepared to defend Mr. Phinehas McNeal during his trial against the United States Government. As can be seen from the supporting facts, Attorney Reisch's defense was weak at best against a well prepared team of government lawyers. During the trial, Attorney Scott Reisch raised 66 objections, of which, 49 were overruled, 17 were sustained by the court. On 29 occasions he had no objections and his cross-examinations were weak and in effective [sic]. Attorney Scott Reisch was overwhelmed by the Government's months of preparing case evidence. At one point during the trial Attorney Scott Reisch was reduced to silence because he had very little time to prepare an effective defense for Mr. McNeal. In view of these facts, I feel Defendant deserves a another [sic] trial with sufficient time to prepare and develop his defense.

(ECF No. 405-1 at 1).

In order to demonstrate ineffective assistance of counsel, Mr. McNeal must adequately demonstrate that his attorney performed deficiently and that he was prejudiced as a result. *See*

*United States v. Hendrix*, 2014 WL 305871, at *1 (July 8, 2014) (unpublished) (reviewing district court's dismissal of § 2255 motion under *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). Mr. McNeal's allegations that his defense counsel raised "66 objections, of which, 49 were overruled, [and] 17 were sustained by the court," fail to demonstrate his attorney performed deficiently. Mr. McNeal fails to indicate exactly why the objections made were deficient and what exactly his attorney should have done differently that would have made a difference in the outcome of his case. Further, his allegations that his defense "was weak at best" and that his attorney was "overwhelmed by the Government's months of preparing . . . because he had very little time to prepare an effective defense" are vague and conclusory. Mr. McNeal fails to specify exactly how more time would have helped his attorney and exactly what would have changed if his attorney had received more time to prepare. Thus, his assertions about the failures of trial counsel are insufficient to show a Sixth Amendment violation under *Strickland*. *See United States v. Moser*, No. 13-3321, 570 F. App'x 800, 802 (10th Cir. July 3, 2014) (unpublished) ("We consistently reject petitions that refer in conclusory fashion to failures of trial counsel that can be summarized as a failure to develop a defense theory and a failure to discover and locate additional witnesses and evidence, citing *Snyder v. Addison*, No. 03-6050, 89 F. App'x 675, 681 (10th Cir. March 2, 2004)); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir.1994) (conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255)*; Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that even *pro se* plaintiffs must allege sufficient facts on which a recognized legal claim can be based, and that conclusory allegations will not suffice). As a result, his ineffective assistance of counsel claim will be dismissed.

As to his right of allocution and his right to self-representation claims, these claims were already raised and rejected on his direct appeal. *See United States v. McNeal*, No. 15-1458 (10th Cir. Nov. 1, 2016), (ECF No. 389 at 5-9). In fact, in support of these claims, he attaches specific pages from his opening brief on direct appeal. (ECF No. 405-1 at 12-57). Mr. McNeal may not assert claims in his amended § 2255 motion that were raised on direct appeal. *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) (issues disposed of on direct appeal may not be raised under §2255). Therefore, these claims will be dismissed.

Further, as the Court already informed Mr. McNeal in the November 30, 2017 Order, his claim of "Lack of emotional support from [his] biological father" is not a cognizable habeas claim. *See* Rules Governing 2255 Proceedings, Rule 1 (noting that a § 2255 motion can be filed by a person in custody under a judgment of the court who seeks a determination that: "(1) the judgment violates the Constitution or laws of the United States; (2) the court lacked jurisdiction to enter the judgment; (3) the sentence exceeded the maximum allowed by law; or (4) the judgment or sentence is otherwise subject to collateral review."). Similarly, his claim of "Mental Emotional Health issues/ Diminished Capacity" is not a cognizable habeas claim. Neither of these asserted claims alleges that his conviction and sentence violates the Constitution or federal laws, or that the court lacked jurisdiction, or that the judgment or sentence is otherwise invalid. Therefore, the claims of "Lack of emotional support from [his] biological father" and "Mental Emotional Health issues/ Diminished Capacity" will be dismissed.

Finally, his claim of "excessive sentence time for crime" is vague and conclusory. In support of this claim, he attaches select pages from the sentencing hearing transcript (with highlighted sections), (ECF No. 405-1 at 58-60) and select pages from his PSI, (*id.* at 61). The PSI section that is highlighted indicates that the Probation Officer recommended a variant

sentence of 84 months imprisonment. (*Id.*) And, the highlighted sections of the sentencing hearing transcripts demonstrate that his attorney argued for a 70-month sentence. (*Id.* at 58). However, despite the fact that the Probation Officer and Mr. McNeal's attorney advocated for a lower sentence, Mr. McNeal makes no argument that the sentence he received violated his rights. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992). Therefore, his claim of "excessive sentence time for crime" will be dismissed.

Accordingly, it is

ORDERED that the Amended Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 405), filed January 26, 2018, is DENIED. The instant civil action is DISMISSED WITH PREJUDICE. It is

FURTHER ORDERED that the previously filed Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 398), filed on November 29, 2017, is DENIED as moot. It is

FURTHER ORDERED that no certificate of appealability will issue because jurists of reason would not debate the correctness of this procedural ruling and Mr. McNeal has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is DENIED without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED this 26th day of March, 2018.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge